IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY MOSLEY,

       Plaintiff,              No. CIV S-05-2304 MCE KJM P

   vs.

J. ROHLFING, et al.,

       Defendants.         <u>SCHEDULING ORDER</u>

_____/

       As provided by Federal Rule of Civil Procedure 16(b), the court will, by this order, set a schedule for this litigation.

       In due course, the parties will be required to file pretrial statements in accordance with the schedule set forth below.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

       At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's

1

responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1.  The prospective witness is willing to attend; and

2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1.  State the name, CDC Identification number, and address of each such witness; and

2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.  The party intending to introduce the testimony can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

/////

/////

2

2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.  The party intending to introduce the testimony can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

/////

/////

/////

3

1    II.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who</u>
2           <u>Refuse to Testify Voluntarily</u>

3           If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

4    testify voluntarily, the party should submit with his or her pretrial statement a motion for the

5    attendance of such witnesses.  Such motion should be in the form described above.  In addition,

6    the party must indicate in the motion that the incarcerated witnesses are not willing to testify

7    voluntarily.

8    III.   <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who</u>
9           <u>Agree to Testify Voluntarily</u>

10          It is the responsibility of the party who has secured an unincarcerated witness'

11   voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

12   or obtained from the court.

13   IV.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who</u>
14          <u>Refuse to Testify Voluntarily</u>

15          If a prospective witness is not incarcerated, and he or she refuses to testify

16   voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must

17   prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

18   witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party

19   seeking the witness' presence must tender an appropriate sum of money to the witness through

20   the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of

21   money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

22          A subpoena will not be served by the United States Marshal upon an

23   unincarcerated witness unless the subpoena is accompanied by a money order made payable to

24   the witness for the full amount of the witness' travel expenses plus the daily witness fee of

25   $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no

26   statute authorizes the use of public funds for these expenses in civil cases, the tendering of

4

1  witness fees and travel expenses is required even if the party was granted leave to proceed in

2  forma pauperis.

3  Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS

4  AS FOLLOWS:

5  1. The parties may conduct discovery until April 21, 2006.  Any motions

6  necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to

7  Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

8  2. All pretrial motions, except motions to compel discovery, shall be filed on or

9  before June 16, 2006.  Motions shall be briefed in accordance with these guidelines.

10  a.  Unless otherwise ordered, all motions to dismiss, motions for summary

11  judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

12  and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

13  be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

14  deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

15  as directed by the court.

16  b.. If plaintiff is released from prison at any time during the pendency of

17  this case, any party may request application of other provisions of Local Rule 78-230 in lieu of

18  Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of

19  Local Rule 78-230(m) will govern all motions described in #2a above regardless of plaintiff's

20  custodial status.  See Local Rule 1-102(d).

21  c. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir.

22  2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for

23  failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule

24  12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of

25  unexhausted claims without prejudice.  The defendant may submit affidavits or declarations

26  under penalty of perjury and admissible documentation to support the motion to dismiss.  To

oppose the motion, plaintiff may likewise file declarations under penalty of perjury and

admissible documentation.  Plaintiff may rely upon statements made under the penalty of perjury

in the complaint if the complaint shows that plaintiff has personal knowledge of the matters

stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff

relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who

have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but

plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to

contradict defendant's evidence with admissible evidence, the court may rely on the defendant's

evidence.  In the event both sides submit matters outside the pleadings, the court may look

beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a

written opposition to the motion, the court may consider the failure to act as a waiver of

opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or

unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

        d.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en

banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.

1988), plaintiff is advised of the following requirements for opposing a motion for summary

judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such

a motion is a request for an order for judgment in favor of defendants without trial.  A

defendant's motion for summary judgment will set forth the facts that the defendants contend are

not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a

motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do

this in one or more of the following ways.  Plaintiff may rely upon statements made under the

penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge

of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon

which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting

forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or

6

1   declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written

2   records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may

3   rely upon all or any part of the transcript of one or more depositions, answers to interrogatories,

4   or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence

5   with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the

6   truth and the defendants' motion for summary judgment granted.  If there is some good reason

7   why such facts are not available to plaintiff when required to oppose a motion for summary

8   judgment, the court will consider a request to postpone considering the defendants' motion.  If

9   plaintiff does not serve and file a written opposition to the motion or a request to postpone

10  consideration of the motion, the court may consider the failure to act as a waiver of opposition to

11  the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or

12  unopposed, is granted, judgment will be entered for the defendants without a trial and the case

13  will be closed.

14              e.  A motion or opposition supported by unsigned affidavits or declarations

15  will be stricken.

16          3. Plaintiff shall file and serve his pretrial statement and any motions necessary to

17  obtain the attendance of witnesses at trial on or before September 15, 2006.  Defendants shall file

18  their pretrial statement on or before September 29, 2006.  The parties are advised that failure to

19  file a pretrial statement may result in the imposition of sanctions, including dismissal of this

20  action.

21          4 Pretrial conference (as described in Local Rule 16-282) is set in this case for

22  October 6, 2006, before the magistrate judge.  The pretrial conference shall be conducted on the

23  file only, without appearance by either party.

24  /////

25  /////

26  /////

5.  This matter is set for jury trial before the Honorable Morrison C. England on December 27, 2006, at 9:00 a.m. in Courtroom 3.

DATED:  December 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/mp
mosl2304.41

8